IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL HAYNES,

      Plaintiff,                No. CIV S-10-2378 DAD P

   vs.

E. SANDY et al.,

      Defendants.        <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint.  For the reasons discussed herein, the court concludes that plaintiff's amended complaint should be dismissed for failure to state a claim.[1]

## SCREENING REQUIREMENT

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

---

[1] Plaintiff previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (<u>See</u> Doc. No. 5.)

1  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

2  U.S.C. § 1915A(b)(1) & (2).

3          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

9  Cir. 1989); Franklin, 745 F.2d at 1227.

10          Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

11  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

12  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

13  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

14  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

15  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

16  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

17  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

18  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

19  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

20  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

21          The Civil Rights Act under which this action was filed provides as follows:

22          Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the

23          deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at

24          law, suit in equity, or other proper proceeding for redress.

25  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

26  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

                                          2

Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S AMENDED COMPLAINT

In his amended complaint, plaintiff has identified E. Sandy and DOES 1-5 as the defendants in this action.  Plaintiff alleges that on January 18, 2009, prison officials placed him in administrative segregation for possession of contraband while visiting.  Plaintiff further alleges that on March 24, 2009, defendant Sandy sent him to administrative segregation again for the same disciplinary offense.  Plaintiff alleges that ultimately Warden Singh summarily dismissed the disciplinary charges against him.  Plaintiff claims that he "can ONLY reasonably conclude" that defendant Sandy placed him in "the hole" because he is black and had "the audacity" to disagree with her.  Plaintiff also claims that his repeated placement in administrative segregation constituted an atypical and significant hardship on him.  (Am. Compl. at 4-5.)

## DISCUSSION

Plaintiff's complaint fails to state a cognizable claim for relief and should be dismissed.  See 28 U.S.C. 1915(e)(2)(B)(I) ("the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious"); Neitzke, 490 U.S. at

1   327-28 (in forma pauperis statute accords judges the authority to dismiss those claims whose

2   factual contentions are clearly baseless); see also Reddy v. Litton Indus., Inc., 912 F.2d 291, 296

3   (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed

4   amendment would be futile.").

5          The court previously advised plaintiff that, insofar as he was attempting to allege

6   an equal protection claim against defendant Sandy, he needed to "plead intentional unlawful

7   discrimination or allege facts that are at least susceptible of an inference of discriminatory

8   intent." Byrd v. Maricopa County Sheriff's Dep't, 565 F.3d 1205, 1212 (9th Cir. 2009) (quoting

9   Monteiro v. Tempe Union High School District, 158 F.3d 1022, 1026 (9th Cir. 1998)).

10  Nonetheless, in his amended complaint plaintiff has failed to allege facts supporting a claim of

11  intentional discrimination.  See Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003)

12  ("Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's

13  protected status.") (emphasis in original) (quoting Maynard v. City of San Jose, 37 F.3d 1396,

14  1404 (9th Cir. 1994)).  Instead, plaintiff merely alleges that he can only "reasonably conclude"

15  that because defendant Sandy is white and took some adverse action against him, she must have

16  done so because of he is black.  However, plaintiff's pure speculation in this regard fails to state

17  a cognizable equal protection claim.

18         The court also previously advised plaintiff that, insofar as he was trying to assert a

19  due process claim in connection with his two placements in administrative segregation, he

20  needed to allege facts as to how his temporary stays in "the hole" rose to the level of an "atypical

21  and significant hardship."  It is well established that although "States may under certain

22  circumstances create liberty interests which are protected by the Due Process Clause," those

23  circumstances are generally limited to freedom from restraint that "imposes atypical and

24  significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v.

25  Conner, 515 U.S. 472, 483-84 (1995).  In plaintiff's amended complaint, he again summarily

26  characterizes his temporary stays in administrative segregation as "atypical and significant

1    hardships."  However, temporary stays in administrative segregation do not "present a dramatic

2    departure from the basic conditions" of prison life.  Id. at 486.  Nor has plaintiff described

3    anything about his temporary stays in "the hole" to indicate otherwise.  In this regard, once more,

4    plaintiff's allegations fail to state a cognizable due process claim.

5                                              **CONCLUSION**

6            Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure

7    to state a claim.

8    DATED: April 4, 2012.

9

10   _____

11   DAL:9                          DALE A. DROZD
     hayn2378.56                    UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26